MISSOURI PACIFIC RAILROAD COMPANY *v.* BARHAM.

4-5455                                                    128 S. W. 2d 353

Opinion delivered May 1, 1939.

R. E. *Wiley* and *Henry Donham*, for appellant.

W. F. *Denman* and *W. R. Donham*, for appellee.

HUMPHREYS, J. Appellee brought this suit in the circuit court of Nevada county against appellants to recover damages for personal injuries he received as the result of appellants' train striking his automobile at a public road crossing near Prescott on November 14, 1937. E. H. Wise, a resident of Arkansas, was the engineer in charge of and operating the train at the time of the collision. He was joined as a defendant in the suit.

160

The pleadings consisted of a complaint and answer which are as follows:

## "Complaint

The complaint alleged that on the night of November 14, 1937, at about 10 o'clock the appellee was driving his automobile along a road called Wild Cat Road in an easterly direction; that as he approached the railroad crossing he stopped, looked and listened for the approach of a train, but, on account of a deep cut, a high embankment and a defective headlight on the engine of the locomotive, his view was practically obstructed until he was within thirty feet of the track; that he then attempted to cross the track and his car stalled thereon; that he observed appellant's passenger train, known as the Sunshine Special, approaching about five hundred feet south of the crossing; that in order to save his life he jumped from the car in which he was riding; that the train struck the car and hurled it over and struck appellee before he had time to get out of the way; that as the train approached the crossing it was traveling at a high, fast and dangerous rate of speed; that appellants carelessly and negligently failed to keep a proper lookout for persons or property on their tracks and carelessly and negligently wholly failed to ring the bell or sound the whistle on the locomotive as the train approached the crossing or to give any signal whatever to warn persons of the approach of the train, and said crossing was one of the most constantly used highways in Nevada county and many people were constantly coming and going along over said crossing, which facts were known to appellants; that the track south of said crossing for a distance of about eight hundred yards was practically straight and level and the crossing was in full and open view of appellants when the train reached a point eight hundred yards south of the crossing; that if appellants had been keeping a proper lookout they could and would have observed appellee's car on or near said track and could have discovered his perilous position in time to have brought said train to a stop before striking appellee's car; that appellants therefore failed to exercise ordinary

care for the safety of persons about to cross said crossing, in violation of duties imposed upon them by law, and that they carelessly and negligently ran said train over said crossing and struck appellee's automobile, causing him to be injured; that appellants knew, or by the exercise of ordinary care could have known, that appellee's car was stalled on the track, and they knew, because of the fact that no bell was rung or whistle sounded and the defective condition of the headlight on the engine, that the train could not be seen at a safe distance by travelers on the highway; that appellee did not know the train was approaching the crossing, yet with knowledge of appellee's peril the appellants carelessly and negligently ran said train over said crossing and struck appellee's automobile. That before the train struck the automobile, appellee upon discovering the train and in order to save his life, jumped from same; that the train struck the automobile and hurled it over and against appellee causing him to be painfully and permanently wounded; that he suffered a severe injury to his back in that the fourth, fifth and sixth lumbar vertebrae were fractured, crushed and jammed, that his left leg was completely paralyzed from his hip down, that he sustained a large hernia in his right side, that his chest and left shoulder were crushed and the muscles, tissue and ligaments thereof torn and lacerated, that he suffered and will continue to suffer for the balance of his life a severe shock and injury to his entire nervous system, that his nervous system was completely shocked and thrown out of co-ordination, all on account of the carelessness and negligence of appellants; that prior to his injuries appellee was a stout, able-bodied man . . . years of age and earning and capable of earning $............ per month; that he is now and will ever remain an invalid and cripple, unable to earn for himself and family a livelihood; that he suffers and will continue to suffer for the balance of his life great and excruciating pain and misery in his back, right side, left shoulder and chest, to his damage in the sum of $50,000 for which amount he prayed judgment."

162

## "Answer

The answer denied each and every material allegation of the complaint and alleged that if appellee was injured it was due to his own carelessness and negligence in driving his automobile upon the track without looking or listening for the approach of the train and without exercising any care whatever for his own safety and protection; that he drove said automobile upon the track and stopped it deliberately and permitted the automobile to stand on the track until the train approached and struck it, and that, if he was struck by the automobile after same had been struck by the train, it was due to his own carelessness and negligence in failing to get out of the way when he had ample time to do so, and appellants plead said negligence on the part of appellee as a bar and defense to his right of recovery herein. The answer further alleged that if appellee was suffering from any disability as a result of injuries, that he sustained said injuries elsewhere and that he sustained no injury whatever by reason of the train striking his automobile at the time and place complained of in his complaint."

The cause was submitted to a jury upon the pleadings, evidence introduced by the parties and instructions of the court resulting in a verdict and consequent judgment against appellant for $20,000, from which is this appeal.

No objections were interposed to the introduction of any of the testimony and, although in sharp conflict in every material point, when viewed in the most favorable light to appellee, there is substantial evidence in the record tending to sustain each and every allegation in the complaint, except as to the extent of the injuries received by appellee.

Appellants' main contention for a reversal of the judgment is that the trial court committed reversible error in submitting to the jury issues involving § 11144 of Pope's Digest known as the lookout statute, and § 11135 of Pope's Digest known as the crossing-signal statute.

It is argued that under the allegations of the complaint the court should have submitted only the question whether appellants were guilty of negligence under the common law. Of course, appellants would be correct in their contention and argument if the complaint was not broad enough to allege a failure to keep a statutory lookout and to allege a violation of the crossing-signal statute.

With reference to the lookout statute the complaint alleged that appellants "carelessly and negligently failed to keep a proper lookout for persons or property" and that "if appellants had been keeping a proper lookout, they could have and would have observed appellee's car on or near the track and could have discovered his perilous position in time to have brought said train to a stop and avoided striking appellee's car."

With reference to a violation of the crossing-signal statute the complaint alleged appellants "carelessly and negligently wholly failed to ring the bell or sound the whistle on the engine of said train at or as said train approached said crossing or to give any signal whatever to warn persons of the approach of said train, although the crossing was upon one of the most constantly used highways in Nevada county, which facts were known to appellants; that no bell was rung or was being rung or that no whistle was sounded or was being sounded upon the engine of said train as it approached said public crossing."

Appellants admit that allegations in the complaint state a good joint common law cause of action against the railroad company, its trustee and engineer, E. H. Wise, but say they do not allege a violation of the lookout statute nor a violation of the statute requiring the sounding of a whistle or ringing a bell constantly for a distance of 80 rods before the train reached a crossing.

It is true the allegations do not in specific words allege a violation of the statutes, but facts are alleged sufficient to establish that the action was based upon a violation of the statute. But pleaders do not have to state conclusions. They only have to state the facts.

The allegations are not only sufficient to state a joint common law cause of action against all the appellants, but were sufficient to state a separable cause of action under both statutes against appellant railroad company and its trustee.

It was not incumbent upon the pleader to add to these allegations that the lookout statute and the crossing-signal statute were violated by appellant railroad company and its trustee.

The instructions given by the court and objected to by appellants were within the pleadings and testimony introduced, without objection, and were correct declarations of law. They were not abstract, but responsive to the evidence.

After a careful reading and consideration of the instructions together with the numerous objections made to each we have concluded the objections are without merit, and that when the instructions are read together they harmonize with each other and clearly and fairly present the material issues in the case under the pleadings and evidence, and that appellants have not been deprived of any of their defenses or rights on account of the instructions given by the court. In fact, all their rights have been carefully guarded in the instructions when read together.

The railroad company and its trustee could not defend against a failure to keep a lookout, nor under the doctrine of discovered peril by alleging that appellee was guilty of contributory negligence and the instruction so declaring was not error. The lookout statute itself abolishes contributory negligence as a defense to a failure to comply with its provisions. Neither does such a defense have a place under the doctrine of discovered peril.

The railroad company and its trustee were accorded their right to interpose such defense under the instruction given by the court relative to the crossing-signal statute in the very language of the statute itself.

All of the appellants were accorded the right to such defense in the instructions relative to the alleged common law liability.

None of the instructions deprived appellant, E. H. Wise, of the benefit of his alleged defense that appellee was guilty of contributory negligence which caused his injuries. In fact the jury was specifically told by instruction No. 14 that: "If you find from the evidence in the case that the plaintiff himself was negligent in any respect as defined in other instructions herein, which contributed to the injuries which he sustained, if any, then your verdict will be for the defendant, E. H. Wise." This instruction is not in conflict with instruction No. 4 given by the court as contended by appellants.

Practically all the instructions predicated appellee's right to recover upon a finding by the jury that his injuries were received through the negligent operation of the train. The evidence was in sharp conflict on this issue of fact, so the instructions were correct and not abstract under the claim of appellants that the undisputed evidence showed to the contrary.

We have dealt with these instructions and the many objections thereto in this general and rather summary way because to set them out herein and analyze them separately would extend this opinion to great length and would serve no useful purpose as a precedent.

Although there is substantial evidence tending to show that appellee was severely injured yet, after carefully reading all the evidence responsive to this issue, we have concluded that there is no substantial evidence tending to show that appellee was damaged on account of his injuries in a sum greater than $10,000. Any amount recovered in excess of $10,000 is not supported by substantial evidence.

Therefore, if appellee will enter a remittitur of $10,000, within fifteen days, the judgment will be affirmed for $10,000, otherwise the judgment will be reversed and the cause remanded for a new trial.